[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} On January 25, 2002, defendant-appellant Ernest Williams pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(B), with an accompanying firearm specification, and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with two accompanying firearm specifications. Pursuant to an agreed sentence, the trial court imposed a ten-year prison term for the involuntary-manslaughter conviction, a five-year prison term for each aggravated-robbery conviction and a three-year prison term for each specification. The trial court ordered that the sentences for the aggravated-robbery convictions be served concurrently, but they were made consecutive to the prison term for involuntary manslaughter. The sentences for the gun specifications were merged, and the trial court ordered that the three-year specification be served consecutively, for a total prison term of 18 years. In a single assignment of error, Williams now appeals the imposition of that sentence. Because we do not have jurisdiction to review the sentence, we dismiss this appeal.
 {¶ 3} In his single assignment of error, Williams maintains that the trial court erred in imposing consecutive and maximum sentences without making the statutorily required findings. This court is barred from addressing the merits of this argument.
 {¶ 4} R.C. 2953.08(D) precludes appellate review of a sentence imposed upon a defendant when the "sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 5} Ohio courts have uniformly held that a sentence is "authorized by law" for purposes of R.C. 2953.08(D) as long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense.[1] The plea agreement in this case reflected that Williams was pleading guilty to two counts of aggravated robbery and one count of involuntary manslaughter, all felonies of the first degree.[2] The maximum allowable prison term for a felony of the first degree is ten years.[3] According to the plea agreement, Williams's sentence for each conviction did not exceed ten years. Since the agreed sentences were within the permissible statutory range, those prison terms were "authorized by law" pursuant to R.C. 2953.08(D).[4]
 {¶ 6} The record also reflects that the sentence was recommended jointly by the defendant and the prosecution. Williams, his attorney and the prosecuting attorney each signed the plea agreement, which set forth the specific prison term for each conviction and included a provision making the involuntary-manslaughter sentence consecutive to the aggravated-robbery sentences and the specification sentence. Further, the trial court made sure that Williams understood the agreement and had made the agreement voluntarily before imposing the prison terms set forth in the agreement.
 {¶ 7} While the trial court did not make findings regarding the imposition of the maximum and consecutive sentences, we have held that such findings are not necessary because the sentence was an "agreed sentence" that was within the bounds of the law.[5]
 {¶ 8} Because Williams's sentence was authorized by law, jointly recommended by him and the prosecution, and indisputably imposed by a sentencing judge, his appeal of his cumulative eighteen-year prison sentence is barred by R.C. 2953.08(D).
 {¶ 9} Accordingly, we dismiss Williams's appeal.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See State v. Rhodes, 7th Dist. No. 2000-CO-60, 2002-Ohio-3056, ¶ 13.
[2] See R.C. 2911.01(A)(1) and 2903.04(B).
[3] See R.C. 2929.14(A)(1).
[4] See State v. Johnson, 2nd Dist. No. 2000-CA-46, 2001-Ohio-7023.
[5] See State v. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845.